**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4932**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

EDWARD JUNIOR PATTERSON,

              Defendant - Appellant.

**No. 12-4933**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

DARRYL BOOKER,

              Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:11-cr-00258-MOC-DSC-1; 3:11-cr-00258-MOC-DSC-2)

Submitted: July 15, 2013                    Decided: July 19, 2013

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Kenneth Darwin Snow, THE SNOW LEGAL GROUP, PLLC, Charlotte, North Carolina; Scott Hadden Gsell, Charlotte, North Carolina, for Appellants. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Anne Magee Tompkins, United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Patterson and Darryl Booker, co-conspirators in a scheme to rob a drug house, appeal their sentences. Their counsel have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for review but questioning whether: (1) Patterson's sentence was substantively reasonable; (2) the district court erred by applying a United States Sentencing Guidelines § 3B1.1 (2011) leadership enhancement against Patterson; and (3) the district court erred by running Booker's sentences consecutively. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for significant procedural error, including failing to calculate (or improperly calculating) the advisory Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51. When considering the substantive reasonableness of the sentence, we take into account the totality of the circumstances. United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

3

If the sentence is within the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

Patterson questions whether the district court gave sufficient reasons for his sentence, and whether the district court erred by applying a two-point leadership enhancement to his sentence. Upon review of the record, we conclude that the district court gave sufficient reasons for Patterson's sentence and did not err when it imposed a leadership enhancement. With regard to Booker's sentence, we conclude that 18 U.S.C. § 924(c)(1)(A) (2006) compelled that his sentences run consecutively. Therefore, the district court did not err when it imposed either sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Patterson and Booker's convictions and sentences. This court requires that counsel inform Patterson and Booker, in writing, of their right to petition the Supreme Court of the United States for further review. If Patterson or Booker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

4

Counsel's motion must state that a copy thereof was served on the relevant Defendant.

Accordingly, we dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED